IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DANARA MCLAURIN, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-14-4053 |
| VERIZON MARYLAND, INC., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Danara McLaurin *pro se* filed this lawsuit claiming discrimination pertaining to her employment with Defendant Verizon Maryland, Inc. (Compl., ECF No. 1.) She has requested appointment of legal counsel. (ECF No. 9.) In a civil case such as this one alleging employment discrimination, an indigent litigant does not have a constitutional right to counsel, but the court may appoint counsel "where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 300 (1989). In determining whether exceptional circumstances exist, a court considers "'the type and complexity of the case as well as the abilities of the individual bringing it.'" *Id*. At this stage of the proceedings in which Defendant has filed a motion to dismiss Plaintiff's complaint, the issues do not appear unduly complex and Plaintiff appears capable of adequately articulating her case. Consequently, exceptional circumstances do not exist. The motion for appointment of counsel will be denied without prejudice.

Accordingly, it is this 23rd day of June, 2015, by the United States District Court for the District of Maryland hereby ORDERED:

1. Plaintiff's motion for appointment of counsel (ECF No. 9) is DENIED without prejudice; and

2. The Clerk shall ensure all parties receive a copy of this order.

/s/
James K. Bredar
United States District Judge